Santiago Sanchez v. The State.

*No. 112.  Decided January 28.*

**House of Correction and Reformatory—Punishment of Minors—
Charge of Court.**— On a trial for burglary, where the court instructed the
jury that if they found the defendant guilty, and at the time of the commission
of the offense he was not more than 16 years of age, and his punishment should
be assessed by them at not more than five years, they would further find that
he should be confined in the reformatory. *Held,* that under the Act of 1889 cre-
ating the House of Correction and Reformatory, the charge is erroneous in two
particulars.  First, the age of the party at the time of the trial determines the
place of confinement, and not the age at the commission of the offense.  Second,
on the jury alone, and not the court, is conferred the authority to determine
whether or not the place of confinement shall be the reformatory or the peni-
tentiary.

APPEAL from the District Court of Nueces.   Tried below before Hon.
John C. Russell.

This appeal is from a judgment of conviction for burglary, wherein
the punishment was assessed at two years confinement in the State re-
formatory.

A statement of the facts is unnecessary in view of the rulings of the
court in disposing of the case.

*Marshall Rogers,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.—On a former day of this term the judgment in
this cause was affirmed.

Appellant has filed his motion for rehearing, in which our attention
has been called to several errors of which he complains.   It is unneces-
sary to notice but one of these, the remainder being without merit.

Until since the affirmance, appellant did not file a brief in his cause,
nor cite us to the authorities upon which he relied for a reversal of his
cause.  It is now urged that the court erred in charging the jury, if they
found defendant guilty, and at the time of the commission of the offense
he was not more than 16 years of age, and his punishment assessed at not
more than five years, they would further find that he be confined in the
reformatory.   This ground of the motion is, we think, well taken, and
must be sustained.

There are two points of error contained in this clause of the charge, as
we understand the purport and intent of the Act of 1889, in relation to
the punishment of youthful male convicts.

First. The age of the party at the time of the trial operates to determine the place of confinement, and not his age at the date of the commission of the offense.

Second. On the jury alone, and not the court, is conferred the authority to determine whether the place of confinement shall be the reformatory or the penitentiary. The court shall so instruct the jury, and it is obligatory upon them to specify such finding in their verdict. The place of confinement is not a matter for the court's decision, but is confided alone to the discretion of the jury. The place of confinement shall be determined by the jury, and not by the court. Act 1889, sec. 12, p. 97; Duncan v. The State, 29 Texas Ct. App., 141; Hays v. The State, 30 Texas Ct. App., 472.

For the errors indicated, the motion for a rehearing is granted, the affirmance set aside, and the judgment reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring